# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JONATHAN GREENE**                                                                              **PLAINTIFF**
**#133850**

v.                       No: 3:20-cv-00082 KGB-PSH

**MERIDITH**                                                                         **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation had been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jonathan Greene, an inmate at the Craighead County Detention Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 alleging that he was discriminated against by Officer Meridith (Doc. No. 2). For the reasons stated below, Greene fails to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Greene claims that Officer Meridith made him move from a bottom rack to an upper rack while she allowed younger black inmates to remain on

bottom racks. Greene alleges that he and Meridith are both white. Liberally construing Greene's complaint, it appears he may be attempting to state an equal protection claim.

Greene fails to state sufficient facts to support such an equal protection claim. He does not allege that he is a member of a protected class or that he was denied a fundamental right.[1] Accordingly, Greene must allege sufficient facts to state an equal protection claim as a class of one. A class-of-one plaintiff must allege that he or she was "'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *See Nolan v. Thompson*, 521 F.3d 989 (8th Cir. 2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). A class-of-one plaintiff must therefore "provide a *specific and detailed* account of the nature of the preferred treatment of the favored class," especially when the state actors exercise broad discretion to balance a number of legitimate considerations. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1214-15 (10th Cir. 2004) (emphasis added). Greene does not specifically identify any inmates who are similarly situated to him but afforded preferential treatment.

---

[1] Fundamental rights are those expressly mentioned in the Constitution or those rights implicitly protected by the Constitution such as the right to privacy, *Griswold v. Connecticut*, 381 U.S. 479 (1965), the right to vote, *Harper v. Virginia Board of Education*, 383 U.S. 663 (1966), the right to travel interstate, *Shapiro v. Thompson*, 394 U.S. 618 (1969), and the right to marry, *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015).

Further, even if Greene had specifically identified the younger inmates who were not forced to move, Greene still fails to state a claim. He only alleges that he was forced to move to an upper rack because he is white. He does not state when this occurred, if it was a one time occurrence, and if not, during what time period it took place. His allegations are insufficient to show that Greene was "systematically and intentionally treated differently." *See e.g., Weiler v. Purkett*, 137 F.3d at 1051 ("A few individual examples of unequal treatment are insufficient to provide more than minimal support to an inference of classwide purposeful discrimination."); *Inmates of Neb. Penal and Correctional Complex v. Greenholtz,* 567 F.2d 1368, 1381 (8th Cir.1977) (two or three individual cases of discrimination insufficient to provide more than minimal support to an inference of classwide purposeful discrimination).

For these reasons, Greene's equal protection claims should be dismissed for failure to state a claim upon which relief may be granted.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Greene's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 17th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE